**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
**No. 14-462V**
**Filed: September 26, 2014**
**(Not to be published)**

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LESLIE FOX, | * |
| | * |
| Petitioner, | *      Decision on Damages; Flu; SIRVA |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*William Cochran, Jr., Esq.,* Black McLaren Jones Ryland & Griffee, PC, Memphis, TN for petitioner.
*Gordin Shemin, Esq.,* U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

      On June 2, 2014, Leslie Fox filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an influenza vaccine administered to her on November 28, 2012, she suffered arm and shoulder injuries, including adhesive capsulitis. Petition at 1. On August 25, 2014, respondent filed her Rule 4(c) Report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 1. I issued a Ruling on Entitlement on September 25, 2014.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On September 25, 2014, respondent filed a proffer on award of compensation, which indicated that petitioner agreed to the compensation amount. Additionally, petitioner's counsel was contacted by my chambers on September 25, 2014, and he confirmed petitioner's agreement with the proposed compensation amount contained within the filed Proffer. Pursuant to the terms stated in the attached Proffer, **I award petitioner:**

1. **A lump sum payment of $90,421.79 in the form of a check payable to petitioner, Leslie Fox. This amount represents compensation for all damages that would be available under § 300aa-15(a).**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

_____

)
LESLIE FOX, )
)
        Petitioner, )    No. 14-462V
)    Special Master Gowen
    v. )    ECF
)
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
        Respondent. )
)
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.    Compensation for Vaccine Injury-Related Items

For purposes of this Proffer, the term "vaccine-related" is described in Respondent's Rule 4(c) Report, filed on August 25, 2014, conceding entitlement in this case. Respondent proffers that, based on the evidence of record, petitioner should be awarded $90,421.79. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

### II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

    A.  A lump sum payment of $90,421.79 in the form of a check payable to petitioner, Leslie Fox. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

*/s/ Gordon Shemin*
GORDON SHEMIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-4208
Fax: (202) 353-2988

Dated: September 25, 2014